UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL ROGERS,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE COMMISIONER
RAYMOND KELLY COMMANDING OFFICER
DEPUTY INSPECTOR ROBERT BROWER, POLICE
OFFICER RICHARD SHELTON SHIELD #7912,
POLICE OFFICERS JOHN DOE #1-4,

                              Defendants.

**ANSWER**

07 CV 2808 (RWS)

**Jury Trial Demanded**

------------------------------------------------------------------X

        Defendant POLICE OFFICER RICHARD SHELTON SHIELD #7912 by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

        1.    Denies the allegations set forth in paragraph 1 of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.    Denies the allegations set forth in paragraph 2 of the complaint.

        3.    Denies the allegations set forth in paragraph 3 of the complaint, except admits that plaintiff purports to see the damages stated therein.

        4.    Denies the allegations set forth in paragraph 4 of the complaint, except admits that plaintiff purports to base jurisdiction as stated therein.

        5.    Denies the allegations set forth in paragraph 5 of the complaint.

        6.    Denies the allegations set forth in paragraph 6 of the complaint.

---

[1] Defendant the City of New York and Raymond Kelly have previously filed their answers to the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Admits the allegations set forth in paragraph 8 of the complaint.

9. Denies the allegations set forth in paragraph 9 of the complaint, except admits that defendant Raymond Kelly is the Police Commissioner of the City of New York and refers to the applicable statutes, ordinances and regulations respecting the police commissioner's duties and responsibilities.

10. Denies the allegations set forth in paragraph 10 of the complaint, except admits that defendant Robert Brower is the deputy Inspector of the 81st Police Precinct and that plaintiff purports to sue him as indicated therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint, except admits that a Richard Shelton is employed by the City as a police officer for the NYPD.

12. The allegations set forth in paragraph 12 of the complaint constitute conclusions of law rather than averments of fact and as such no response is required.

13. Denies the allegations set forth in paragraph 13 of the complaint, except admits that a document purporting to be a Notice of Claim was received by the City and that the City has not paid any monies to plaintiff.

14. Denies the allegations set forth in paragraph 14 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Denies the allegations set forth in paragraph 18 of the complaint and all subparts thereto.

19. In response to the allegations set forth in paragraph 19 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 18 inclusive of their answer, as if fully set forth herein.

20. Denies the allegations set forth in paragraph 20 of the complaint.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Denies the allegations set forth in paragraph 22 of the complaint.

23. In response to the allegations set forth in paragraph 23 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 22 inclusive of their answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. Denies the allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint.

28. Denies the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. Denies the allegations set forth in paragraph 30 of the complaint.

31. Denies the allegations set forth in paragraph 31 of the complaint.

32. In response to the allegations set forth in paragraph 32 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 31 inclusive of their answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph 33 of the complaint.

34. Denies the allegations set forth in paragraph 34 of the complaint.

35. Denies the allegations set forth in paragraph 35 of the complaint.

36. In response to the allegations set forth in paragraph 36 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 35 inclusive of their answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph 37 of the complaint.

38. Denies the allegations set forth in paragraph 38 of the complaint.

39. Denies the allegations set forth in paragraph 39 of the complaint.

40. In response to the allegations set forth in paragraph 40 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 39 inclusive of their answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph 41 of the complaint.

42. Denies the allegations set forth in paragraph 42 of the complaint.

43. Denies the allegations set forth in paragraph 43 of the complaint.

44. Denies the allegations set forth in paragraph 44 of the complaint.

45. Denies the allegations set forth in paragraph 45 of the complaint.

46. In response to the allegations set forth in paragraph 46 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 45 inclusive of their answer, as if fully set forth herein.

47. Denies the allegations set forth in paragraph 47 of the complaint.

48. Denies the allegations set forth in paragraph 48 of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the complaint.

50. Denies the allegations set forth in paragraph 50 of the complaint.

51. Denies the allegations set forth in paragraph 51 of the complaint.

52. In response to the allegations set forth in paragraph 52 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 51 inclusive of their answer, as if fully set forth herein.

53. Denies the allegations set forth in paragraph 53 of the complaint.

54. Denies the allegations set forth in paragraph 54 of the complaint.

55. In response to the allegations set forth in paragraph 55 of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 54 inclusive of their answer, as if fully set forth herein.

56. Denies the allegations set forth in paragraph 56 of the complaint.

57. Denies the allegations set forth in paragraph 57 of the complaint..

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

58. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

59. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

60. There was reasonable suspicion to stop and detain plaintiff.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

61. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

62. Plaintiff failed to comply with lawfully issued orders.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

63. Defendant is entitled to qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

64. Plaintiff has failed to comply with section 50 of the Municipal Law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

65. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

66. This action is barred in whole or in part by the applicable limitations period.

**WHEREFORE**, defendant POLICE OFFICER RICHARD SHELTON requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 6, 2007

>                     MICHAEL A. CARDOZO
>                     Corporation Counsel of the
>                     City of New York
>                     Attorney for Defendant THE CITY OF NEW
>                     YORK, POLICE COMMISIONER RAYMOND
>                     KELLY and POLICE OFFICER RICHARD
>                     SHELTON
>                     100 Church Street, Room 3-159
>                     New York, New York 10007
>                     (212) 788-8698
>                     By: _____
>                         Steve Stavridis (SS 4005)

   (By ECF)

TO:   Leo Glickman, Esq.

Attorney for Plaintiff
71 Nevins Street
Brooklyn, New York  11217
(718) 852-3710

7